**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAMUEL GROCE, Plaintiff, v. KATHRYN MACFARLAND, et al., Defendants. | Civil Action No. 06-2796 (JBS) **O P I N I O N** |

**APPEARANCES:**

Samuel Groce, Plaintiff pro se
South Woods State Prison
#274597/355679B
215 Burlington Road, South
Bridgeton, NJ 08302

**SIMANDLE**, District Judge

Plaintiff Samuel Groce, currently confined at the South Woods State Prison, Bridgeton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant the plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's retaliation claim will proceed. Plaintiff's harassment claims will be dismissed, without prejudice.

**BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff states that on May 11, 2006, he was told by defendant Officer Fawcett to open and close a door in the prison facility when staff or inmates were approaching. Plaintiff refused to do so, citing security concerns. According to Plaintiff, defendant Fawcett "told Plaintiff that the door job is what a nigger is for and that Plaintiff was Defendant's personal house nigger and that if Plaintiff did not perform this function [Defendant Fawcett] was going to issue a charge and said charge was issued." (Complaint, p. 5).

On May 12, 2006, Plaintiff was interviewed by the housing sergeant with regard to the disciplinary charge issued by defendant Fawcett, and the charge was dismissed for no cause of action. Defendant Fawcett was disciplined by the housing sergeant, and later that day, defendant Fawcett approached

Plaintiff and told him that "pay-backs are a bitch." (Complt., p. 5).

"Shortly after May 12, 2006," Defendant Fawcett searched Plaintiff's cell and stepped on his sheets, leaving them dirty. When Plaintiff requested new sheets from Defendant, Defendant told him to "wash them by hand since you do not hold doors." (Complt., p. 6).

The next day, on May 13, 2006, Plaintiff arrived at his culinary arts class and was told by the teacher that Defendant Fawcett had contacted the teacher, and stated that based on items found in the cell search, that Plaintiff was stealing from the class. Plaintiff was removed from the class. (Complt., p. 6).

Plaintiff states that he has raised these complaint before defendant MacFarland, the Administrator of the prison, and that she has taken no action. (Complt., p. 4).

Plaintiff asks the Court to suspend defendant Fawcett from employment and to reinstate Plaintiff to the culinary arts class. (Complt., p. 8).

## DISCUSSION

### A. Standard of Review

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court

must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B. Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C. Plaintiff's Harassment Claims.**

The Court liberally construes the instant complaint as alleging an harassment claim against defendant Fawcett. Plaintiff complains that defendant Fawcett used racial slurs against him, threatened him by stating that "pay-backs are a bitch," and stepped on and dirtied his sheets.

As the United States Supreme Court has stated, "[i]ntentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." Hudson v. Palmer, 468 U.S. 517, 528 (1984). The Eighth Amendment protects prisoners against calculated harassment. See id. at 530. Generally, however, mere verbal harassment does not give rise to a constitutional violation. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar language); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate inmate's constitutional rights). Racially discriminatory statements, racial slurs and epithets, without more, also do not establish liability under § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997)(verbal abuse directed at religious and ethnic background does not state a cognizable constitutional violation); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985); Shabazz v. Cole, 69 F. Supp.2d 177, 200-01 (D. Mass. 1999) ("without even a suggestion of physical injury, [defendants'] verbal abuse and racial epithets, although continuing for a long period of time, fall short of conscience shocking conduct");[1] Haussman v. Fergus, 894 F. Supp. 142, 149

---

[1] The district court in Shabazz also analyzed and rejected any theory of liability under the substantive component of the Fourteenth Amendment's guarantee of due process. The Supreme

(S.D.N.Y. 1995); Prisoners' Legal Association, 822 F. Supp. at 187-189 & n.3 (corrections officer's use of racial slurs did not amount to constitutional violation); Wright v. Santoro, 714 F. Supp. 665, 667 (S.D.N.Y.), aff'd, 891 F.2d 278 (2d Cir. 1989); Knop v. Johnson, 667 F. Supp. 467 (W.D. Mich. 1987), appeal dismissed, 841 F.2d 1126 (6th Cir. 1988). Thus, Defendant Fawcett's use of racial slurs toward Plaintiff does not establish a constitutional violation.

Further, allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983. See Collins v. Cundy, 603 F.2d 825 (10th Cir.

---

Court has recognized two alternative theories by which a claim for denial of substantive due process is tested. The first theory involves "conscience shocking" behavior. Shabazz, 69 F. Supp.2d at 200 (*citing* Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879 (1991)). The threshold for alleging a verbal harassment claim under the conscience shocking behavior theory is very high. Moreover, "[e]xtending the substantive component of due process to prohibit verbal abuse between inmates and prison officials would involve courts in the day to day operations of prisons, [citation omitted], and weaken the deference due prison officials in maintaining security." Shabazz, 69 F. Supp.2d at 200. Thus, in the instant case, where the plaintiff does not allege physical injury, the verbal abuse falls far short of conscience shocking behavior. See id.

Under the second theory, a prisoner "must demonstrate a violation of an identified liberty or property interest protected by the due process clause." Pittsley, 927 F.2d at 6. Fear or emotional injury alone resulting from alleged verbal abuse will not be sufficient to constitute a violation of an identified liberty interest. Shabazz, 69 F. Supp.2d at 200. Again, here the plaintiff does not allege any specific physical injury, only a general claim that he has been subjected to racial comments. This will not suffice to support a claim of a violation of a protected liberty interest.

1979) (defendant laughed at prisoner and threatened to hang him). However, threatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation. See Douglas v. Marino, 684 F. Supp. 395, 398 (D.N.J. 1988)(brandishing a butcher knife in close proximity to prisoner and threatening to kill him may amount to a constitutional violation); see also Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (gun was put to prisoner's head); Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986)(guard threatened to shoot prisoner). Neither defendant Fawcett's statement that "pay-back is a bitch" nor defendant Fawcett's trampling of Plaintiff's sheets rise to the level of outrageous conduct to establish a constitutional violation.

Finally, the plaintiff cannot obtain relief for mental or emotional injury in the absence of a physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). See Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000). In this case, Plaintiff alleges no physical injury.

Based on the foregoing, Plaintiff's harassment claims will be dismissed, without prejudice.[2]

**C. Plaintiff's Retaliation Claim.**

Plaintiff asserts that he was retaliated against by defendant Fawcett for complaining about defendant Fawcett's behavior. He claims that the day after he complained about defendant Fawcett's actions, he was accused of stealing and removed from the culinary arts class he was attending.[3]

To proceed on a retaliation claim, a plaintiff must allege facts showing that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse

---

[2] The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his harassment claims, he may file a motion to reopen these claims in accordance with the court rules.

[3] The Court notes that Plaintiff does not have a constitutional right to participate in the culinary arts class, as prisoners do not possess a constitutional right in participation in rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials); Torres Garcia v. Puerto Rico, 402 F. Supp.2d 373, 383 (D.P.R. 2005)(inmates have no constitutional interest in participation in a rehabilitation program); Pabón v. McIntosh, 546 F. Supp. 1328, 1339 (E.D. Pa. 1982) (the failure of prison authorities to afford inmates rehabilitative programs does not constitute cruel and unusual punishment).

action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225). See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

In this case, it appears that Plaintiff has alleged facts indicating a retaliation claim, for purposes of permitting the claim to proceed past sua sponte screening. Defendants will be ordered to answer the allegations of the complaint with regard to this claim. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

## CONCLUSION

For the reasons set forth above, Plaintiff's retaliation claim will be permitted to proceed. Plaintiff's harassment claims will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. An appropriate order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated: **August 30, 2006**