NOT FOR PUBLICATION

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL GROCE A/K/A SAMUEL MCGRIFF<br><br>            Plaintiff,<br>     v.<br><br>KATHRYN MACFARLAND, et al.<br><br>            Defendants. | HON. JEROME B. SIMANDLE<br><br>CIVIL NO: 06-02796 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

Samuel Groce a/k/a
Samuel McGriff
# 274597/355679-B
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101
     Plaintiff, Pro Se

Anne Milgram
ATTORNEY GENERAL OF NEW JERSEY
By:  Susan Marie Scott
     Deputy Attorney General
RJ Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
     Attorney for Defendants Officer L. Fawcett and Kathryn
     MacFarland

**Simandle**, District Court Judge:

This matter comes before the Court upon the motion of Defendants Officer L. Fawcett and Prison Administrator Kathryn MacFarland (collectively "Defendants") to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative,

for summary judgment, pursuant to Federal Rule of Civil Procedure 56. [Docket Item No. 15].  This matter originates upon Plaintiff Samuel Groce's ("Plaintiff") Complaint alleging violations of 42 U.S.C. § 1983.  [Docket Item No. 1.]  Plaintiff, acting pro se, does not oppose Defendants' motion.  The Court has considered the submissions of the parties, and because Plaintiff has been relocated to a new prison facility and therefore no longer has standing to bring this suit for injunctive relief, shall dismiss Plaintiff's Complaint in its entirety upon grounds of mootness.  Consequently, the Court shall dismiss the Complaint as moot.

I.  **BACKGROUND**

   A.  **Factual History**[1]

   At the time of the alleged incidents, Plaintiff Samuel Groce a/k/a Samuel McGriff ("Plaintiff") was an inmate at South Woods Prison in Bridgeton, New Jersey ("South Woods").  On May 11, 2006, Fawcett instructed the Plaintiff "to open and close the housing unit entry door when staff or inmates were approaching the unit." (Compl. at 5.)  Plaintiff refused, citing security concerns.  (Id.)  Fawcett then told Plaintiff "that the door job is what a nigger is for and that Plaintiff was Defendant's personal house nigger, and that if plaintiff did not perform this function Fawcett was going to issue a [disciplinary] charge."

---

[1] Because this matter comes before the Court on a motion to dismiss, or in the alternative, for summary judgement, the facts are recounted as alleged in Plaintiff's Complaint.

(Id.)  Plaintiff again refused, and a disciplinary charge was issued.  (Id.)

The following day the Housing Sergeant interviewed the Plaintiff, and the disciplinary charge was dismissed for "no cause of action."  (Id.)  Furthermore, the Housing Sergeant disciplined Fawcett for his conduct in the incident.  (Id.)  Later that day, Fawcett threatened Plaintiff, saying to him that "pay-backs are a bitch."  (Id.)  Later still, Fawcett searched Plaintiff's cell, leaving footprints on the sheets.  (Id. at 5-6.)

When Plaintiff returned from his vocational culinary arts class, he requested clean sheets.  (Id. at 6.)  Fawcett refused saying "wash them by hand since you do not hold doors."  (Id.)  Upon arriving at his class the next day, Plaintiff was informed that he had been dropped from the roster as a result of stolen items found during Fawcett's search of Plaintiff's cell the previous day.  (Id.)

Plaintiff asserts that he complained of his treatment by using "an inmate request slip with a three page attachment of claims identical to this plaintiff's claims."  (Id. at 7.)  He further alleges that MacFarland "was advised of these events," via his request slip, but he does not indicate if she ever read the slip, or if he simply submitted the request through administrative channels over which MacFarland nominally presided.

3

(Id.)

### B. Procedural History

Plaintiff filed a Complaint against Fawcett and MacFarland on June 21, 2006, alleging harassment and retaliation, pursuant to 42 U.S.C. § 1983, while Plaintiff was an inmate at South Woods. [Docket Item No. 1.]  In the Complaint, Plaintiff seeks only injunctive relief, demanding the suspension of Defendants' employment and reinstatement in his vocational culinary arts class.  (Compl. at 8.)  Additionally, Plaintiff requested permission to proceed in forma pauperis and for a jury trial.  (Id. at 7-8.)

On August 20, 2006, this Court granted Plaintiff's motion to proceed in forma pauperis.  [Docket Item No. 2.]  Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court reviewed the Plaintiff's Complaint to "screen" for frivolous or malicious suits, claims for relief upon which none could be granted, and requests for monetary relief against defendants immune from such suit.  Groce v. MacFarland, No. 06-2796, slip op. at *1-2 (D.N.J. Aug. 30, 2006).  The Court dismissed Plaintiff's harassment claims without prejudice by reasoning that the alleged harassment did not rise to the level of a constitutional violation, and as a result, did not state a claim for which relief might be granted.  Id. at 8-9.  However, the Court held that the Plaintiff's retaliation claims were sufficient to survive a "sua sponte

4

screening." Id. at 10.  Consequently, the Court ordered the Defendants to respond.  Id.

After the Plaintiff filed his Complaint on June 21, 2006 and after this Court conducted sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff was transferred from South Woods to Riverfront Prison in Camden, New Jersey ("Riverfront").  [Docket Item No. 7.]

Thereafter on December 28, 2006, in lieu of an Answer, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment, pursuant to Federal Rule of Civil Procedure 56.  [Docket Item No. 15.]  Primarily, Defendants argue that Plaintiff is precluded from bringing suit against them because he has failed to exhaust all available administrative remedies, the Defendants are immune from suit in their official capacities by virtue of the Eleventh Amendment, and the Plaintiff's claims fail on the merits. (Defs.' Br. at i-ii.)  Defendants served a copy of their motion on Plaintiff at Riverfront on December 28, 2006.  [Docket Item No. 15.]  Plaintiff failed to respond.

## II. DISCUSSION

### A. Standard of Review

The Court has a duty to ensure that it has jurisdiction over the case before it, and may dismiss a claim, sua sponte, for lack of jurisdiction.  Nesbitt v. Gears Unlimited, Inc., 347 F.3d 72,

76-77 (3d Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)); Homeless Patrol v. Town of Thompson, 2006 U.S.Dist LEXIS 74841 at *7 (D.N.J. Oct. 16, 2006) ("This Court has an independent obligation to resolve any doubts as to whether it has subject matter jurisdiction."). Although a Court must read a pro se plaintiff's factual allegations liberally and apply pleading standards less stringently than it would otherwise do if plaintiff was represented by counsel, see Haines v. Kerner, 404 U.S. 519, 520 (1972), a plaintiff's allegations concerning jurisdiction are entitled to no presumption of truthfulness, and indeed, the plaintiff "has the burden of proof that jurisdiction does in fact exist."  Mortensen v. First Fed. Savs. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977).

**B.  Analysis**

Defendants contend that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted by arguing that (1) Plaintiff did not exhaust his administrative remedies prior to bringing suit in federal court as required by 42 U.S.C. § 1997e(A), (2) Defendants are immune from suit in their official capacities by virtue of the Eleventh Amendment, and (3) Plaintiff's allegations of retaliation do not rise to the level of a constitutional violation.  (Defs.' Br. at 1.)

6

Defendants' arguments are relevant, however, only if the Complaint presents a continuing case or controversy.  Article III of the Constitution of the United States limits the scope of Federal courts to actual cases or controversies.  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>Danvers Motor Co. V. Ford Motor Co.</u>, 432 F.3d 286, 290-91 (3d Cir. 2005).  A plaintiff does not present a case or controversy when he or she does not have a personal stake in the ongoing litigation, and as such, a federal court does not have subject-matter jurisdiction over such a suit.  See <u>United States Parole Comm'n. v. Geraghty</u>, 445 U.S. 388, 396-97 (1980) (holding that a case must be dismissed as moot when the parties lack a legally cognizable interest in the outcome); <u>see</u> <u>also</u> <u>Ballentine v. United States</u>, 486 F.3d 806, 810 (3d Cir. 2007) (confirming that standing is a jurisdictional matter).

In <u>Abdul-Akbar v. Watson</u>, the Third Circuit considered whether a plaintiff was entitled to enjoin a prison to increase its library resources after he had already been released from that prison.  4 F.3d 195, 196 (1993).  The court vacated the district court's grant of the injunction by reasoning that a prisoner who is no longer incarcerated at a prison does not have standing to bring such a suit because he no longer had a personal interest in the requested relief.  (<u>Id.</u>)

Like the plaintiff in <u>Akbar</u>, this Plaintiff seeks purely

7

injunctive relief, namely (1) "[a]llow the filing of this action in forma pauperis, (2) "[a]llow a trial to be had," (3) "[t]he suspension of the Defendant's [sic] from employment . . . ," (4) "the return of Plaintiff to his vocational course culinary arts class," and (5) a jury trial. (Compl. at 7-8.)  Also like the plaintiff in <u>Akbar</u>, this Plaintiff can no longer personally benefit from the relief requested because Plaintiff is no longer incarcerated at South Woods.  Instead, Plaintiff is an inmate at Riverside.  Accordingly, whether or not Defendants are employed at South Woods no longer affects him, and the vocational culinary class into which he requests reinstatement, convenes in a different prison.  As a result, Plaintiff lacks standing to bring the instant suit because the injunctive relief he seeks would no longer personally benefit him.  The case, seeking only injunctive relief, has become moot.

### III.  **CONCLUSION**

For the foregoing reasons, the Court dismisses, without prejudice, for lack of subject matter jurisdiction on grounds of mootness.  An appropriate Order shall be entered.


**August 1, 2007**                                   **s/Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                     U.S. District Judge